**Miguel Angel Uribe MORAN, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 11–71966.**

United States Court of Appeals, Ninth Circuit.

Submitted June 18, 2013.\*

Filed June 20, 2013.

Miguel Angel Uribe Moran, Rancho Cucamonga, CA, pro se.

Brianne Whelan Cohen, Trial, Oil, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: TALLMAN, M. SMITH, and HURWITZ, Circuit Judges.

## MEMORANDUM \*\*

Miguel Angel Uribe Moran, a native and citizen of Peru, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, and withholding of

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184–85 (9th Cir. 2006). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the BIA's conclusion that Uribe Moran is not eligible for asylum based on having been assaulted by men who wanted information to help them rob the bank where he worked, *see Gormley v. Ashcroft*, 364 F.3d 1172, 1177 (9th Cir.2004) ("[r]andom, isolated criminal acts perpetrated by anonymous thieves do not establish persecution"), or based on his having inadvertently seen a letter sent to his boss by the Shining Path, *see Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir.2010) (to show past persecution, asylum applicant must establish that harm rises to the level of persecution, has a nexus to a protected ground, and was done by the government or forces the government is unable or unwilling to control). Further, substantial evidence supports the BIA's finding that Uribe Moran failed to establish his fear of future harm was objectively reasonable. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir.2003) (possibility of future persecution too speculative). We lack jurisdiction to consider Uribe Moran's contention that his family was not similarly situated, because he failed to raise that issue before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004) (no jurisdiction to review claims not exhausted before the BIA). Thus, Uribe Moran's asylum claim fails.

Because Uribe Moran has not established eligibility for asylum, he necessarily cannot meet the more stringent standard for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

* The panel unanimously concludes this case is suitable for decision without oral argument.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**